FRANK W. BERRY, executor, *vs.* ANDREW J. STEVENS & others.

Waldo.    Opinion March 22, 1879.

*Evidence.    Surviving party.*

If the surviving party introduces as evidence, in an action by or against an executor or administrator, a memorandum of the deceased, he must be content with its legal import and effect, unless he can explain or control it by the testimony of disinterested witnesses.

The husband or wife of such surviving party is not a competent witness in such cases when such surviving party is not.

ON EXCEPTIONS.

The facts and questions raised are fully stated in the opinion.

*J. Williamson*, for the plaintiff.

*W. H. McLellan*, for the defendants.

BARROWS, J.   In actions prosecuted or defended by an executor, or administrator, or other legal representative of a deceased person, the adverse party is not at liberty to testify respecting matters occurring before the death of such persons, except in the cases particularly specified in the statutes.   R. S., c. 82, § 87. Stat. 1873, c. 145.   Stat. 1876, cc. 83, 128.

That this is only a prudent safeguard will be admitted by all who have noticed the apparently increasing disregard of the sanction and obligations of an oath since the laws were so changed as to permit parties and interested witnesses to testify.   Without it the widow and the orphan would be almost defenseless against the machinations of the greedy and unscrupulous.   It is doubtless better that a careless business man should occasionally suffer during his lifetime for his neglect to have suitable evidence of his

transactions, than to offer a premium for skilful perjury in the plunder of his estate when his mouth is closed in death.

The statutes regulating the admission of the testimony of parties are to be examined carefully and construed strictly. *Dwelly* v. *Dwelly*, 46 Maine, 377. *Kelton v. Hill*, 59 Maine, 259.

To take the note in suit out of the statute of limitations plaintiff relied upon a payment of $400 upon it, made in 1873. The defendants had in their possession a receipt signed by the testatrix for the amount thus paid. Plaintiff gave the defendants notice to produce it, which they declined to do, and it was not produced until the plaintiff had offered testimony tending to show that one of the defendants had exhibited such a receipt, claiming that it was a genuine receipt of the testatrix, and that he had paid the amount to her, supposing that it would be endorsed on the note. Here the plaintiff stopped, and the exceptions state that he did not use the receipt in evidence. It is not perceived that he could have used it, except in connection with testimony as to the defendants' acts and declarations respecting it. The receipt itself, without such testimony, would be no more competent to establish a payment than an endorsement made by the testatrix upon the note.

But hereupon one of the defendants took the stand, produced the receipt, read it to the jury, and, under the guise of explaining it, against the objection of the plaintiff, proceeded to testify to an independent agreement, which he said the testatrix made with him, to give up the note on which more than $600 was then due, in consideration of the payment of the $400 paid when he took the receipt. The body of the receipt was written by the defendant who gave this testimony, and it runs thus: "Received of A. J. Stevens & Co. $400, to be endorsed on a note signed by us and John Stevens as surety. Belfast, April 12, 1873. P. O. Berry."

The defendant further testified that when he paid the money to Mrs. Berry, "she says, ' I have not got the note here to give you, but I will have it and give it to you.' Said I, ' you told me you would give me my note, and I feel as though I ought to have it.' She says, ' I will give you a receipt for it ; you are not afraid to

trust me, are you ?' Says I, 'no Mrs. Berry, I am not.'" Thereupon he wrote and she signed the receipt he produced.

Why he wrote the receipt as for $400 "to be endorsed on the note," instead of "in full payment and satisfaction" of it, he did not attempt to explain. Apparently the jury thought no explanation necessary as there was no one to contradict him, for they found for the defendants.

It is possible that his story was true, but it is hard to believe that a business man, after such a conversation, would write a receipt which comports so ill with his present version of the transaction it was intended to represent. The question, however, is not now whether his testimony was true, but whether he was a competent witness to prove it, under the fourth exception in R. S., c. 82, § 87, which runs thus : " In an action by or against an executor, administrator, or other legal representative of a deceased person, in which his account books or other memoranda are used as evidence on either side, the other party may testify in relation thereto." We think he was not. The exception originated with c. 230, Stat. of 1864, which provided that "in any action by an executor, etc., when the account books or other memoranda of such deceased party are used as evidence to prove any account or claim, . . . the defendant shall be a competent witness," etc. In process of time it was seen that the same rule ought to apply to suits against an executor, etc., when he offered the account books or other memoranda of the deceased, and so the exception assumed its present form in Stat. 1870, c. 132. But it cannot be so construed as to permit the surviving party to put in a memorandum signed by the deceased, and then engraft upon it his own testimony to an independent substantive contract with the deceased, which not only does not appear in the memorandum, but is inconsistent with it.

It is " the other party" who may testify in relation to the account books or other memoranda of a deceased person, when offered in evidence by his representative, either as plaintiff or defendant. But " the other party" cannot be permitted to make himself a witness as to matters occurring before the death by offering a memorandum of the deceased. If he offers it, he must

be content with its legal import and effect, unless he can explain it by the testimony of disinterested witnesses. See, as analogous, *Folsom* v. *Chapman*, 59 Maine, 194. Neither was the defendant's wife a competent witness. *Hunter* v. *Lowell*, 64 Maine, 572.

*Exceptions sustained.*

Appleton, C. J., Walton, Danforth, Peters and Libbey, JJ., concurred.